# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 26-5238** **September Term, 2025**

**1:25-cv-00286-RCL**

**Filed On:** August 28, 2026

Jane Doe, et al.,

Appellees

v.

Todd Blanche, in his official capacity as Attorney General of the United States and William K. Marshall, III, in his official capacity as Director of the Federal Bureau of Prisons,

Appellants

**BEFORE:** Wilkins, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for leave to intervene, which alternatively requests leave to participate as amici curiae, including in oral argument, the responses thereto, and the reply; and the Rule 28(j) letters and the response thereto, it is

**ORDERED** that the motion for leave to intervene be denied as untimely. See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd., 45 F.4th 426, 432 (D.C. Cir. 2022); Cameron v. EMW Women's Surgical Ctr., P.S.C., 595 U.S. 267, 279-80 (2022) (observing that "the most important circumstance relating to timeliness" is whether the movant sought to intervene "as soon as it became clear" that the movant's interests "would no longer be protected by the parties in the case" (citation and internal marks omitted)). Movants represent that they first became aware that their asserted interests would no longer be protected by the parties in the case even before this appeal was filed. Yet, despite being aware of this appeal from its inception, movants did not move to intervene on appeal until the due date for appellants' opening brief, nearly two months after the appeal was filed. Neither the fact that a motion to intervene was pending in the district court during this time, nor consideration of other relevant circumstances, suffices to render the motion for appellate intervention timely notwithstanding movants' delay. It is

**FURTHER ORDERED** that the alternative request to participate as amici curiae be granted and that Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams be permitted to participate as amici curiae. Any brief of these

amici is due September 2, 2026, and must conform with Federal Rule of Appellate Procedure 29 and D.C. Circuit Rule 29. It is

**FURTHER ORDERED** that the request to participate in oral argument be denied without prejudice to renewal pursuant to D.C. Circuit Rule 34(e). See D.C. Cir. R. 34(e); D.C. Circuit Handbook of Practice and Internal Procedures 52 (2025).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk