[ORAL ARGUMENT SCHEDULED FOR NOVEMBER 20, 2026]
**No. 26-5238**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

JANE DOE; MARY DOE; SARA DOE; EMILY DOE; ZOE DOE; TORI DOE; OLIVIA DOE; SUSAN DOE; LOIS DOE; SALLY DOE; WENDY DOE; RACHEL DOE,

*Plaintiffs-Appellees,*

v.

TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; WILLIAM K. MARSHALL, III, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,

*Defendants-Appellants.*

---

# MOTION OF *AMICAE CURIAE* BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS, AND KEISHA WILLIAMS FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

---

Brian J. Field
John Greil
*Counsel of Record*
Jessica Tong
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
bfield@schaerr-jaffe.com
jgreil@schaerr-jaffe.com
jtong@schaerr-jaffe.com

*Counsel for Amicae Curiae*

*Amicae curiae* Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams respectfully request leave to participate in oral argument, through counsel John Greil, for five minutes without reducing either party's allotted time. *See* Fed. R. App. P. 29(a)(8); D.C. Cir. R. 34(e). Their argument would address how incarcerated women's Fifth and Eighth Amendment rights limit the judicial remedies available to Plaintiffs in this case.

On August 28, 2026, this Court granted *Amicae* leave to participate as *amici* and denied oral argument participation without prejudice. Order at 1–2 (Aug. 28, 2026). *Amicae* filed their brief supporting neither party on September 2 ("*Amicae* Br."). Argument is scheduled for November 20, 2026. *See* Order (Sep. 18, 2026).

Counsel for *Amicae* has conferred with counsel for both parties and is authorized to state the following: 1) Defendants-Appellants oppose this application, and 2) Plaintiffs-Appellees oppose this application.

This Court may permit an amicus curiae to participate in oral argument for "extraordinary reasons." *See* D.C. Cir. R. 34(e). Extraordinary reasons exist here, because the injunctions entered in this litigation have already affected *Amicae*'s daily lives at FMC Carswell,

where they are incarcerated, the relief under review implicates an active injunction protecting *Amicae*'s rights, and neither party has advocated for the remedial possibility that *Amicae* suggest.

Given the novel issues and remedies involved in this appeal, granting *Amicae* oral argument time can assist the Court by providing background and arguments addressing an important issue that has not previously come before any court of appeals.

## I. *Amicae* Advance Constitutional Limits On Relief that Neither Party Asserts

*Amicae* are women incarcerated at FMC Carswell and intervenor-plaintiffs in *Fleming v. Rule*, No. 4:25-cv-00157-D (N.D. Tex.). In *Fleming*, *Amicae* asserted claims that BOP's cross-sex housing policy violates their Fifth Amendment rights to bodily privacy and Eighth Amendment rights against cruel and unusual punishment. The district court granted *Amicae* preliminary relief requiring sex separation in housing and shared spaces at FMC Carswell. Renewed Prelim. Inj. at 2–4, *Fleming*, (Aug. 28, 2026), ECF No. 236. That injunction is currently in effect.

*Amicae*'s declarations in *Fleming* described how the cross-sex housing policy caused compelled exposure to males and harassment by

males in showers, restrooms, and living areas. *Amicae* Br. 4–14; App'x to Intervenor-Pls.' Mot. Prelim. Inj. at APP.7–8 (Meabon Decl. ¶¶ 2–3), APP.11 (Morais Decl. ¶¶ 3–4), APP.14 (Williams Decl. ¶ 3), *Fleming*, ECF No. 153. *Amicae* argued that the Fifth and Eighth Amendments of the Constitution protect them against these harms.

The Government in this litigation has not taken the position that cross-sex housing violates the constitutional rights of women. When it discusses women's safety and privacy, it does so as a matter of Executive policy and the Bureau of Prisons' housing discretion. Appellants' Br. 57–61. *Amicae* have argued that women's constitutional rights constrain prison housing decisions regardless of the Government's policy. *Amicae* Br. 14–20, 24–26.

Opposing intervention, the Government argued that whether *Amicae* suffered constitutional violations "does not help directly answer the merits question under review." Gov't Opp'n Mot. Intervene 18 (Aug. 19, 2026). *Amicae* disagree: if women have a constitutional right that protects them from forced exposure to biologically male inmates, that right would limit any remedy a court could issue in favor of the Plaintiffs in this case.

Plaintiffs fault the Government because it "offered no record evidence that any Plaintiff has endangered the safety, privacy, or dignity of any [incarcerated women]." Appellees' Br. 49. But *Amicae*'s bodily-privacy and cruel-and-unusual punishment arguments do not depend on proof that one of these Plaintiffs has threatened or assaulted them. Housing biological males in women's general population requires women to see and be seen by males while showering, changing clothes, and using the restroom. This compelled exposure violates women's bodily privacy regardless of any individual male inmate's behavior or intentions. *Amicae* Br. 14–20.

*Amicae* present a constitutional position that neither party advances: incarcerated women's constitutional rights limit the remedies available to Plaintiffs. Their participation would help the Court in considering appropriate relief in this case.

## II. Placing Biological Males In Women's General Population Is Not an Appropriate Judicial Remedy

The question in this litigation has been whether Plaintiffs' "transfer to men's facilities [is] unconstitutional under the Eighth Amendment." *Doe v. Blanche*, 172 F.4th 901, 910, 917 (D.C. Cir. 2026). Yet in the district court, Plaintiffs are now requesting a different remedy:

"Plaintiffs seek restoration of general-population placement in women's facilities . . . ." Pls.' Reply in Supp. of Emerg. Mot. Enforce Prelim. Inj. at 19, *Doe*, Dkt. 192. Whatever the propriety of the former remedy, the latter cannot stand.

A right against transfer to a men's prison does not establish a right to placement in women's general population. *Amicae* Br. 20–24. At minimum, the Fifth and Eighth Amendments require that any injunction must keep Plaintiffs separate from women's general population and require separate use of showers, restrooms, and other shared spaces. *Id.* at 22–24. The Bureau of Prisons has implemented segregated housing under *Fleming*. *See* Emerg. Mot. Leave to Intervene 22 (Aug. 14, 2026) (discussing Decl. of Rick Stover, Special Asst., BOP ¶¶ 13–16, *Doe*, Dkt. 190-1). Separation can preserve appropriate programming and services. *Amicae* Br. 22, 26.

Any relief that aims to protect Plaintiffs must also protect incarcerated women in women's general population. *Amicae*'s participation can help the Court frame that remedy.

### III. *Amicae*'s Participation Can Assist the Court In Understanding the *Fleming* Injunction and Its Impact On this Case

The *Fleming* injunction governs housing at FMC Carswell and appears to affect some Plaintiffs in this case.[1] The injunction requires segregated housing and separate movement, routing, scheduling, or other measures as necessary to prevent overlap in shared spaces. Prelim. Inj. at 2–3, *Fleming*, ECF No. 199 (June 2, 2026); *see* Renewed Prelim. Inj. at 2–4, *Fleming*, ECF No. 236 (Aug. 28, 2026); *Amicae* Br. 1–2, 23–24.

Undersigned counsel has represented the intervenor-plaintiffs throughout the *Fleming* litigation and proposed the separation measures that the court adopted over the Government's objection. Counsel can therefore assist the Court in explaining the injunction's history and scope and its relationship to the relief under review. *Amicae* would address only the legal and remedial issues in their brief; they seek no adjudication of separate claims or expansion of the appellate record.

[1] Undersigned counsel is not aware of the identities of the pseudonymous plaintiffs in this litigation.

## IV. Five Minutes Would Preserve the Parties' Time and Permit Focused Argument that Assists the Court

*Amicae* request separate time because neither party advances their remedial position. Argument would focus on the constitutional limits on available judicial remedies and the background and details of the *Fleming* injunction. *Amicae* take no position on Plaintiffs' medical-care arguments or whether transfer to a male general-population prison would harm any particular Plaintiff. *Amicae* Br. 2. This request would preserve both parties' allotted time, the briefing schedule, and the argument date.

Five minutes of separate argument accords with this Court's practice. *See* Order, *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364 (D.C. Cir. 2020) (No. 19-5088), Doc. No. 1823721 (Jan. 13, 2020) (granting *amici* five minutes of argument time); Order, *Kennedy v. Commissioner*, 142 F.4th 769 (D.C. Cir. 2025) (No. 21-1133), Doc. No. 2076710 (Sep. 25, 2024) (allotting ten minutes to an amicus supporting appellant); Order, *AF Holdings LLC v. Does 1–1058*, 752 F.3d 990 (D.C. Cir. 2014) (No. 12-7135), Doc. No. 1486718 (Apr. 3, 2014) (granting *amici* supporting appellants five minutes of independent argument).

The Court has also allowed private *amici* to argue without either party's consent. *See* Order, *NACS v. Bd. of Governors of Fed. Rsrv. Sys.*, 746 F.3d 474 (D.C. Cir. 2014) (No. 13-5270), Doc. No. 1472773 (Dec. 27, 2013) (granting *amici* independent argument); *see also* Motion of Amici Curiae The Clearing House Association L.L.C. et al. for Leave to Participate in Oral Argument at 1, *id.* (D.C. Cir. Dec. 11, 2013) ("Neither appellant nor appellees consent to this motion.").

To the extent Circuit Rule 34(c) requires leave for an additional advocate, *Amicae*'s distinct interests and limited presentation establish good cause.

## CONCLUSION

*Amicae* respectfully request five minutes of oral argument through counsel John Greil, without reducing either party's allotted time.

Dated: October 28, 2026

Respectfully submitted,

*/s/ John Greil*
Brian J. Field
John Greil
*Counsel of Record*
Jessica Tong
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
bfield@schaerr-jaffe.com
jgreil@schaerr-jaffe.com
jtong@schaerr-jaffe.com

*Counsel for Amicae Curiae*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation authorized for this filing because it contains 1,369 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in Century Schoolbook 14-point font.

*/s/ John Greil*
John Greil